**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MARIO ALBERTO VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>**CORRECTIONAL OFFICER A. DOROFEYEV, individually; first name and initial presently uncertain;**<br><br>**CORRECTIONAL OFFICER ORNELAS, first name and initial presently unknown, individually;**<br><br>**CORRECTIONAL OFFICER M. PINEDO, identified as “PINEDA” in portions of the administrative records, true complete name presently uncertain, individually;**<br><br>**SERGEANT CARRASCO, first name and initial presently unknown, individually,**<br><br>Defendants. | Case No.: 2:26-cv-2640 CSK P<br><br>**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFF’S MOTION FOR LEAVE TO SERVE LIMITED EXPEDITED NONPARTY DISCOVERY, FOR LIMITED INVESTIGATIVE ACCESS AND PRESERVATION OF PHYSICAL EVIDENCE, AND FOR ENTRY OF INTERIM PROTECTIVE ORDER** |

Plaintiff is a state prisoner proceeding through counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and paid the Court's filing fee.

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. See 28 U.S.C. §§ 1915(b)(2) and 1915A(a).

Plaintiff alleges that defendants Correctional Officers A. Dorofeyev, Ornelas, and M. Pinedo, aka "Pineda," retaliated against plaintiff by taking adverse action against him because of his litigation against nonparty Correctional Officer Schmidt. (ECF No. 1 at 19-22.) Plaintiff alleges that defendant Sergeant Carrasco was deliberately indifferent to plaintiff's safety in violation of the Eighth Amendment by publicly labeling plaintiff a "snitch." (ECF No. 1 at 22-23.)

The Court has screened the complaint and finds that the complaint states cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(a) as to defendants Correctional Officers A. Dorofeyev, Ornelas, and M. Pinedo, aka "Pineda," and Sergeant Carrasco. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Further, the Court has considered plaintiff's motion for leave to serve limited expedited nonparty discovery and for entry of an interim protective order, the declaration of counsel for plaintiff, the proposed Schedule A (ECF No. 4 at 20-22), and the record in this action.

Plaintiff seeks limited authorization to serve one or more subpoenas under Federal Rule of Civil Procedure 45 on the California Department of Corrections and Rehabilitation ("CDCR") and its appropriate custodians before the Rule 26(f) conference. The requested discovery is directed principally toward identifying the named correctional employees accurately, obtaining any existing body-worn-camera and fixed-camera recordings associated with four discrete incidents, obtaining evidence-management and retention records relating to those recordings, and obtaining the complete administrative files for three identified grievances.

No defendant has appeared, no Rule 26(f) conference has occurred, and plaintiff therefore has not been able to obtain a stipulation concerning the requested discovery or confidentiality protections. The Court finds that plaintiff has demonstrated good cause under Federal Rule of

Civil Procedure 26(d)(1) for the limited expedited discovery authorized below. The Court further finds good cause under Federal Rule of Civil Procedure 26(c) to establish interim protections governing body-worn-camera footage, fixed-camera footage, institutional-security information, and private information that may be produced by CDCR.

Plaintiff has also advised counsel that he has been transferred from California State Prison, Sacramento to California State Prison, Los Angeles County ("CSP-LAC") in Lancaster, California. Plaintiff has identified certain coffee, bread, packaging, and related commissary items in his possession that he believes may constitute relevant physical evidence. Plaintiff reports experiencing symptoms that inform his suspicion that those items may have been tampered with. Plaintiff seeks limited authorization for a California-licensed private investigator retained by counsel, after completion of ordinary CDCR security and gate-clearance procedures, to conduct a confidential legal visit and preserve those specifically identified items for possible forensic testing.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the complaint states cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(a) as to defendants Correctional Officers A. Dorofeyev, Ornelas, and M. Pinedo, aka "Pineda," and Sergeant Carrasco. Further, plaintiff's motion for leave to serve limited expedited nonparty discovery, to allow a private investigator limited access to conduct a confidential legal visit and preserve evidence, and for entry of an interim protective order (ECF No. 4) is GRANTED as set forth in this Order.

**I. LIMITED EXPEDITED NONPARTY DISCOVERY**

Before the Court otherwise opens general discovery, plaintiff may serve one or more subpoenas under Federal Rule of Civil Procedure 45 on:

a. the California Department of Corrections and Rehabilitation;

b. California State Prison, Sacramento;

c. CDCR's Office of Appeals;

d. CDCR's Office of Grievances;

e. CDCR's body-worn-camera, fixed-camera, evidence-management, information-technology, or records custodians; and

f. any other CDCR office or custodian reasonably identified as possessing records responsive to the authorized subpoena.

The subpoenas shall be limited to the categories stated in the Schedule A submitted with plaintiff's motion, including:

a. records sufficient to confirm the complete official names, titles, relevant institutional assignments, employee or badge numbers, and official work addresses for service of process for A. Dorofeyev, Ornelas, M. Pinedo or M. Pineda, and Sergeant Carrasco;

b. duty rosters, post-assignment sheets, shift rosters, unit or movement logs, and body-worn-camera assignment records sufficient to identify the officers and recording devices assigned to the relevant locations during the four incident periods described in Schedule A;

c. any existing body-worn-camera video or audio associated with the correctional employees identified in Schedule A, including A. Dorofeyev, Ornelas, M. Pinedo or Pineda, Sgt. Carrasco, Officer Juarez, Officer Jones, and any officer identified by responsive assignment records as participating in or present during the relevant events;

d. any existing fixed-camera video or audio covering Building 4, Facility B, B-5, C Section, the adjacent staff-office area, plaintiff's Cell 231, the relevant tier, shower movement, breakfast service, or tray distribution during the time periods identified in Schedule A;

e. evidence-management metadata, audit records, device-assignment records, access or viewing histories, export or download histories, chain-of-custody records, retention records, legal-hold records, overwrite records, deletion records, and disposition histories associated with the recordings described above;

f. records sufficient to establish whether any requested recording was created, activated, assigned, uploaded, viewed, exported, preserved, placed on legal hold, retained, overwritten, deleted, or otherwise disposed of, even if the underlying recording no longer exists;

g. the complete administrative file for Grievance Log No. 858109, including Claim Nos. 001, 002, and 003 and any new, replacement, or derivative grievance created following administrative review or remand;

h. the complete administrative file for Grievance Log No. 845558, including any replacement, reclassified, new, or derivative grievance number; and

i. the complete administrative file for Grievance Log No. 898875, including any replacement, reclassified, new, or derivative grievance number.

The subpoena recipient shall produce responsive materials electronically within twenty-one (21) days after service of the subpoena, unless the recipient and Plaintiff agree in writing to a different date or the Court orders otherwise.

Video recordings may be produced in CDCR's ordinary evidence-system export format. Metadata, audit logs, spreadsheets, and database reports shall be produced in native format or another reasonably usable and searchable electronic format where reasonably available.

Plaintiff shall serve each subpoena recipient with a copy of this Order and the applicable Schedule A.

Before serving a subpoena, plaintiff shall provide notice and a copy of the subpoena to any other party that has appeared in this action. If no defendant has appeared at the time the subpoena is served, plaintiff may serve the subpoena without additional advance notice. If a defendant appears before the production date, plaintiff shall promptly serve that defendant's counsel with a copy of the subpoena and this Order.

Nothing in this Order eliminates or modifies the subpoena recipient's right to serve timely objections, assert privilege or other applicable protections, seek a protective order, or move to quash or modify a subpoena under Rules 26 and 45.

If the subpoena recipient withholds responsive information based on privilege or another protection, the recipient shall expressly state the basis for withholding and provide information sufficient to evaluate the asserted protection, without disclosing the protected substance.

If the subpoena recipient objects to production or moves to quash or modify a subpoena, the recipient shall preserve all disputed responsive recordings, electronically stored information, metadata, audit records, and other responsive materials until the objection or motion is resolved by agreement or further order of the Court.

Except for the limited Rule 45 discovery and physical-evidence preservation and collection expressly authorized by this Order, no deposition, interrogatory, request for admission, party-directed request for production, physical or mental examination, or other expedited discovery is authorized. All other discovery remains subject to Rule 26(d), the Federal Rules of Civil Procedure, the Local Rules of this Court, ECF No. 2, and any future scheduling or discovery order.

## II. LIMITED PRIVATE INVESTIGATOR ACCESS AND PRESERVATION OF PHYSICAL EVIDENCE

Plaintiff's counsel may designate a California licensed private investigator as counsel's attorney representative for purposes of conducting a confidential legal visit with plaintiff at California State Prison, Los Angeles County ("CSP-LAC"), subject to CDCR's ordinary gate-clearance, identification, security, scheduling, and visitation requirements.

After completion of those requirements, CDCR and CSP-LAC shall permit the investigator to meet with plaintiff for purposes of investigating the claims and preserving potential physical evidence.

Subject to reasonable institutional security procedures, the investigator may inspect, photograph, identify, receive, package, seal, and remove from the institution specifically identified coffee, bread, packaging, commissary items, or related physical items voluntarily surrendered by plaintiff for preservation and possible forensic testing.

CDCR may supervise the transfer, inspect the materials and packaging for institutional-security purposes, and document the chain of custody. CDCR shall not be required to permit removal of any item prohibited by law or unrelated to the evidence identified by plaintiff.

Once plaintiff or counsel identifies the specific items sought to be preserved, CDCR and CSP-LAC shall take reasonable steps to preserve those items pending collection or further order

of the Court and shall not intentionally destroy, discard, alter, consume, substitute, or otherwise dispose of them.

Nothing in this Order determines that the identified items were tampered with, contaminated, or contain any controlled substance, medication, or other foreign material. Nothing in this Order determines the authenticity, admissibility, or evidentiary weight of the items or any later forensic test results.

## III. INTERIM PROTECTIVE ORDER

### A. Scope and Purpose

This Interim Protective Order governs materials produced by CDCR or another nonparty custodian in response to the subpoenas authorized by this Order.

The protections established by this Order are intended to facilitate prompt production while protecting legitimate institutional-security, safety, privacy, and confidentiality interests. The Order does not confer blanket protection on all materials produced. A confidentiality designation shall be limited to material that the producing entity reasonably and in good faith believes qualifies for protection under Rule 26(c) or other applicable law.

Material subject to protection may include:

a. body-worn-camera video, audio, and associated metadata;

b. fixed-camera or institutional-surveillance video, audio, and associated metadata;

c. information revealing nonpublic camera placement, capabilities, blind spots, institutional-security practices, emergency-response procedures, or tactical information;

d. personal identifying information concerning correctional employees, uninvolved incarcerated persons, witnesses, or other third parties;

e. images, voices, statements, medical information, or other private information concerning persons not directly involved in the claims asserted in this action;

f. grievance-investigation materials containing confidential witness or institutional-security information; and

g. other material for which the producing entity can articulate a particularized confidentiality, privacy, or security interest.

**B. Confidentiality Designations**

A producing entity may designate qualifying material as either:

a. “CONFIDENTIAL”; or

b. “CONFIDENTIAL – COUNSEL ONLY.”

The designation “CONFIDENTIAL – COUNSEL ONLY” shall be reserved for material that the producing entity reasonably and in good faith believes could create a substantial institutional-security, safety, retaliation, or privacy risk if disclosed directly to an incarcerated person, including nonpublic surveillance capabilities, security-sensitive institutional footage, or confidential identifying information concerning other incarcerated persons.

Documentary material may be designated by marking each protected page or by identifying the protected material in a production cover letter or index.

Video, audio, native electronic files, metadata, database exports, or other material that cannot practicably be marked on each page may be designated through the file name, electronic folder name, production transmittal, accompanying index, or other written notice identifying the material and its designation.

A producing entity must exercise restraint and care in making confidentiality designations. Mass, indiscriminate, or unsupported designations are prohibited. If only a portion of a record requires protection, the producing entity shall, where reasonably practicable, designate or redact only the protected portion.

///

///

**C. Use of Protected Material**

Material designated under this Order may be used solely for prosecuting, defending, attempting to resolve, or appealing this action. It may not be used for any personal, commercial, administrative, media, social-media, internet, or other unrelated purpose.

No person receiving protected material may publish, post, upload, transmit, distribute, or otherwise disseminate the protected material to the public, the press, social media, a public website, or any person not authorized by this Order.

Protected material must be stored and maintained using reasonable security measures designed to prevent unauthorized access, disclosure, copying, alteration, or loss.

**D. Access to "CONFIDENTIAL" Material**

Unless otherwise ordered by the Court or agreed to in writing by the producing entity, material designated "CONFIDENTIAL" may be disclosed only to:

a. counsel of record for Plaintiff and attorneys affiliated with counsel's law firm;

b. counsel's paralegals, legal assistants, investigators, interpreters, and other employees whose access is reasonably necessary for this action;

c. retained experts, consultants, and professional litigation-support vendors whose access is reasonably necessary and who have signed the Acknowledgment and Agreement to Be Bound attached to this Order;

d. the Court and its personnel;

e. court reporters and videographers retained for proceedings in this action;

f. the author or prior recipient of the material;

g. a witness during preparation, deposition, or testimony when disclosure is reasonably necessary, provided the witness is not permitted to retain a copy unless authorized by this Order or by the producing entity; and

h. Plaintiff, subject to Paragraph 24.

Counsel may review material designated "CONFIDENTIAL" with plaintiff when counsel determines in good faith that review is reasonably necessary for legal advice, identification, investigation, preparation of testimony, or prosecution of this action. Unless otherwise agreed by the producing entity or ordered by the Court, plaintiff shall not retain a physical or electronic copy of video, audio, institutional-security material, or records identifying uninvolved incarcerated persons while Plaintiff remains incarcerated.

**E. Access to "CONFIDENTIAL – COUNSEL ONLY" Material**

Material designated "CONFIDENTIAL – COUNSEL ONLY" may be disclosed only to:

a. counsel of record and attorneys affiliated with counsel's law firm;

b. counsel's employees whose access is reasonably necessary for this action;

c. retained experts, consultants, investigators, interpreters, and litigation-support vendors whose access is reasonably necessary and who have signed the Acknowledgment and Agreement to Be Bound; and

d. the Court and its personnel.

Material designated "CONFIDENTIAL – COUNSEL ONLY" shall not be provided to or retained by plaintiff absent:

a. the producing entity's written consent; or

b. further order of the Court.

If counsel determines that plaintiff must review particular footage or another particular item designated "CONFIDENTIAL – COUNSEL ONLY" to identify a person, voice, location, event, or other material fact, counsel shall first confer with the producing entity. If agreement cannot be reached, plaintiff may seek narrowly tailored relief from the Court. Any authorized review may be conducted under conditions that prohibit Plaintiff from retaining, copying, recording, photographing, or independently reproducing the material.

///

**F. Redactions**

The producing entity may reasonably redact:

a. home addresses;

b. Social Security numbers;

c. dates of birth;

d. personal telephone numbers and personal email addresses;

e. personal identifying or medical information concerning uninvolved third parties;

f. identifying information concerning uninvolved incarcerated persons;

g. confidential-informant information; and

h. nonresponsive information whose disclosure would create a specific institutional-security or safety risk.

The producing entity shall preserve an unredacted version of any redacted material until final disposition of this action or further order of the Court.

A redaction shall not remove information directly depicting or documenting the four incidents identified in Schedule A, the named defendants, a known percipient witness, plaintiff, or the handling or disposition of a requested recording, unless the producing entity specifically identifies the basis for the redaction and preserves plaintiff's ability to challenge it.

When information is redacted or withheld, the producing entity shall provide a description sufficient to identify the general nature of the information removed and the basis for the redaction or withholding, unless doing so would itself disclose privileged or protected information.

**G. Challenges to Designations or Redactions**

Plaintiff may challenge a confidentiality designation, counsel-only designation, redaction, or withholding at any time consistent with the applicable scheduling order.

Before seeking Court intervention, plaintiff and the producing entity shall confer in good faith concerning the disputed designation, redaction, or withholding.

If the dispute is not resolved, plaintiff may seek relief from the Court under the applicable Federal Rules of Civil Procedure and Local Rules.

The disputed material shall continue to receive the protection assigned by the producing entity until the dispute is resolved by written agreement or Court order. The producing entity bears the burden of establishing that the disputed material qualifies for the protection asserted.

**H. Unauthorized Disclosure**

If a person subject to this Order learns that protected material has been disclosed to an unauthorized person, that person shall promptly:

a. notify the producing entity in writing;

b. identify the material disclosed and the circumstances of the disclosure;

c. use reasonable efforts to retrieve or secure all unauthorized copies;

d. inform the unauthorized recipient of the terms of this Order; and

e. request that the unauthorized recipient sign the Acknowledgment and Agreement to Be Bound.

**I. Filing Protected Material With the Court**

This Interim Protective Order does not authorize the filing of any material under seal.

A person seeking to file protected material with the Court must comply with Eastern District of California Local Rule 141 and obtain a specific Court order authorizing sealing or redaction.

If a request to seal is denied, the protected material shall not automatically become public. The filing party shall follow the Court's direction concerning public filing, redaction, withdrawal, or other treatment of the material.

///

**J. No Waiver or Merits Determination**

Entry of this Order does not:

a. require production of privileged or otherwise protected information;

b. waive any objection to the relevance, proportionality, discoverability, authenticity, admissibility, or use of any material;

c. waive any privilege, immunity, confidentiality interest, or institutional-security objection;

d. determine that any particular document, recording, or information is confidential;

e. determine whether plaintiff exhausted available administrative remedies;

f. determine the sufficiency of the complaint;

g. resolve the merits of any claim or defense;

h. authorize service of process on any defendant; or

i. authorize discovery or investigative access beyond the limited nonparty discovery and physical-evidence preservation and collection expressly described in this Order.

j. determine that any physical item identified by plaintiff was tampered with, contaminated, altered, or contains Adderall or any other substance.

Production of material subject to this Order shall not, by itself, constitute a waiver of any applicable privilege, protection, or objection.

Nothing in this Order prevents CDCR, another producing entity, plaintiff, or any later-appearing defendant from seeking additional protection, modification of this Order, or other appropriate relief.

**K. Duration and Final Disposition**

The obligations imposed by this Order remain effective until modified by the Court or until the producing entity agrees in writing that protection is no longer required.

Within sixty (60) days after final disposition of this action, and upon written request by the producing entity, plaintiff's counsel shall return or destroy protected material produced under this Order and certify the return or destruction in writing.

Counsel may retain an archival copy of pleadings, motion papers, correspondence, attorney work product, transcripts, and exhibits maintained as part of counsel's litigation file. Any retained archival material containing protected information remains subject to this Order.

Any violation of this Order may be addressed through all remedies available to the Court, including sanctions or contempt proceedings.

This Order is interim in nature and governs only the limited expedited nonparty discovery authorized herein. After defendants appear, the parties may propose a broader stipulated protective order or request modification of this Order as appropriate.

**IT IS SO ORDERED.**

Dated: November 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vale2640.dsc.po